UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
CHRISTINA BAEZ

Case No: 26-cv-7404

Plaintiff,

– against –

**COMPLAINT**

**JURY TRIAL DEMANDED**

MOSES & SINGER LLP and THERESE CESARO,

Defendants.
--------------------------------------------------------------X

Plaintiff Christina Baez, by and through her counsel Halper Law, brings this action against Defendants Moses & Singer LLP and Therese Cesaro respectfully seeking damages as follows:

## PRELIMINARY STATEMENT

1. Defendant Moses & Singer LLP consistently and unabashedly treats pregnant women worse than other employees.

2. Its recidivist behavior has already led to suit in this Court.[1]

3. Nevertheless, even after resolving that suit, Moses & Singer brazenly continues to discriminate against women who are pregnant and give birth.

4. Plaintiff Christina Baez is the latest victim of this policy.

5. After Ms. Baez gave birth to her first child, she suffered from post-partum challenges producing sufficient breast milk for storage and needed to breastfeed on demand.

---

[1] *See Daneshrad v. Moses & Singer LLP et al.*, 23-cv-11056 (S.D.N.Y.).

6. As her return to work approached, she sought an accommodation from her employer to work remotely for a short time to breastfeed her son.

7. This accommodation was more than reasonable. Ms. Baez would only need to be remote for a few weeks at most (until her son was 6 months old). And Ms. Baez's supervisor had just moved out of state and was herself working fully remotely.

8. But Moses & Singer—led by its Chief Administrative Officer Therese Cesaro (who also works fully remotely)—was uninterested in accommodating a new mother.

9. Instead, without engaging in the legally mandated back-and-forth, Moses & Singer simply fired Ms. Baez, leaving her jobless right when she was counting on returning from protected maternity leave.

10. In doing so, Moses & Singer violated a variety of laws protecting new mothers in New York City.

## PROCEDURAL PREREQUISITES

11. Before commencing this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 1, 2025 asserting violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

12. The EEOC issued Plaintiff a Notice of Right to Sue on August 28, 2026, concerning the charges of discrimination herein.

13. Contemporaneously with the filing of this Complaint, Plaintiff is providing the New York City Human Rights Commission and the Office of Corporation Counsel of the City of New York with notice of her claim pursuant to the notice requirements of N.Y.C. Admin. Code § 8-502(c).

## PARTIES

14. Plaintiff Christina Baez is an individual domiciled and residing in Queens, New York.

15. Defendant Moses & Singer LLP is a limited liability partnership organized under the laws of New York with a principal place of business at 405 Lexington Avenue, New York, NY.

16. Defendant Therese Cesaro is an individual. Upon information and belief, she resides in South Carolina.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because it involves questions of federal law. The Court has supplemental jurisdiction over Plaintiff's claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

18. This Court has personal jurisdiction over Moses & Singer LLP because it is a New York partnership and its principal place of business is in New York.

19. This Court has personal jurisdiction over Therese Cesaro because she is an executive employee of Moses & Singer LLP and directed the discriminatory conduct at Plaintiff in New York.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred here. Defendant Moses & Singer LLP is also headquartered in this district.

## FACTUAL ALLEGATIONS

### A. Ms. Baez was a model employee before she left to give birth.

21. Ms. Baez joined Moses & Singer in June 2021 as a Client Account Coordinator. When she began, the firm was operating fully remotely. By September 2023, the firm promoted Ms. Baez and increased her salary.

22. Due to personnel changes in mid-2024, Ms. Baez was compelled to take on additional responsibilities and work significantly more than 40 hours per week.

23. Her performance was exemplary. She consistently received positive feedback and had never been subject to any discipline.

24. In December 2024 (just before Ms. Baez left to give birth) the firm again rewarded Ms. Baez with a salary increase.

25. Ms. Baez had announced her pregnancy in August 2024. In accordance with firm policy, she left for parental leave on January 10, 2025 and gave birth to her son on January 13. As her leave period came to a close, she looked forward to rejoining the firm and continuing her upward trajectory.

### B. Ms. Baez sought a temporary, limited accommodation to return to work while managing a pregnancy-related limitation.

26. Unfortunately, Ms. Baez suffered from a pregnancy-related condition which prevented her from producing sufficient quantities of breast milk for pumping and storing. She therefore needed to breastfeed on demand in order to comply with her physician's advice to breastfeed her son for the first six months of his life.

27. Despite this temporary disability, Ms. Baez looked forward to returning to work and rejoining her team.

28. On April 2, almost two months before her scheduled return, Ms. Baez informed Moses & Singer that she was feeding and pumping on demand and needed to work remotely for a short time upon her return.

29. Two days later, Moses & Singer's Chief Administrative Officer Therese Cesaro outright denied the proposed accommodation because the firm needed "all hands on deck" and that an onsite lactation room would provide enough privacy for Ms. Baez to pump breast milk.

30. Ms. Baez responded on April 8 to clarify that she had a medical disability preventing her from producing enough milk for backup storage and could not, therefore, make use of the lactation room. Instead, she would need a temporary accommodation to return.

31. Ms. Cesaro again summarily denied the request and demanded that Ms. Baez return to the office per the hybrid schedule at the end of May.

32. Because the firm had rejected her accommodation request without offering any alternatives, Ms. Baez suggested another possible accommodation: extended (unpaid) medical leave. Ms. Cesaro rejected this request without any explanation.

### C. Moses & Singer fires Ms. Baez on the eve of her return from parental leave instead of accommodating her pregnancy-related limitation.

33. By May 23, 2025, with her return date rapidly approaching, Ms. Baez was increasingly worried about the firm's failure to accommodate her.

34. She reminded Ms. Cesaro that she was suffering from "post-partum medical challenges" and tried in vain to prompt the firm to engage in the legally required interactive process.

35. Ms. Baez even affirmed that she "would be happy to provide any further documentation required by the firm or my healthcare provider to support this continued need for accommodation."

36. She also expressly raised a concern that she was being treated differently on account of her pregnancy and asked for an explanation of why her accommodation request could not be met.

37. But Defendants were unmoved. Ms. Cesaro responded with boilerplate explanations that the firm had a hybrid in-office policy and lactation rooms. She noted that the firm "has been consistently enforcing this [hybrid] policy for all staff" since the new year and that physical in-office presence was required because Ms. Baez needed to train a new staff member and participate in trainings for an accounting system.

38. Ms. Cesaro also included an irrelevant warning that remote work was not a substitute for childcare arrangements.

39. The purported need for physical, in-person work was ironic coming from Ms. Cesaro, who is herself a fully remote employee.

40. Similarly, another supervisor on Ms. Baez's team (Joanna Ortiz) recently moved to Wisconsin and was also working fully remotely. Ms. Ortiz was not pregnant, nor had she recently returned from parental leave.

41. Finally, the explanation that the firm needed Ms. Baez to train a new employee in person is undercut by the fact that Ms. Baez was herself trained by a fully remote employee.

42. Ms. Baez reasonably assured the firm that working remotely (again, for only a short time) would not interfere with her job responsibilities, and that she had already arranged for childcare during work hours.

43. She further sought to understand what medical documentation the firm would need to assess the scope of a potential accommodation.

44. Moses & Singer then unilaterally ended any semblance of an interactive process and concluded (in spite of Ms. Baez's repeated explanations to the contrary) that no accommodation was needed and that Ms. Baez must either return to work without an accommodation or be fired.

45. Ms. Baez tried once more on May 28 to understand what proof would prompt Moses & Singer to accept that she had a pregnancy related limitation: "[I]f the firm requires specific language or documentation from my OB-GYN, please clarify so I may address it accordingly."

46. Ms. Cesaro responded plainly that it did not matter: "We are not requesting any additional documentation from you."

47. Following this exchange, Ms. Cesaro moved on to discussing formal separation procedures. Ms. Baez's termination was effective June 2, 2025.

48. Moses & Singer did not (and could not) plausibly demonstrate that allowing a longtime employee like Ms. Baez to work remotely for approximately *twelve days* would cause an undue hardship to its business.

49. Indeed, it did not even attempt to accommodate her. Ms. Baez repeatedly alerted the firm of her pregnancy-related limitation. If Moses & Singer found the documentation she provided insufficient to fully assess what kind of accommodation was required, it had a legal obligation to engage in a dialogue to determine the precise scope of Ms. Baez's disability and good faith discussions to accommodate her.

50. Instead, it simply fired her.

**FIRST CAUSE OF ACTION**
**(Interference in violation of the Family and Medical Leave Act)**
***Against Defendant Moses & Singer LLP***

51. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

52. Plaintiff worked more than 1,250 hours for Moses & Singer in the twelve months prior to her parental leave and was eligible for benefits under the FMLA.

53. Moses & Singer employed more than 50 people at all relevant times.

54. Plaintiff's pregnancy was a serious health condition.

55. Plaintiff was qualified for her position at all relevant times.

56. Plaintiff put Defendants on notice of her serious health condition and her intention to take FMLA leave.

57. By refusing to reinstate Plaintiff in her position or an equivalent position upon her return from FMLA leave, Defendants denied Plaintiff benefits to which she was entitled under the FMLA and interfered with her exercise of FMLA rights.

58. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of compensatory damages and attorneys' fees and costs.

59. Defendants' unlawful interference constitutes bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

**SECOND CAUSE OF ACTION**
**(Retaliation in violation of the Family and Medical Leave Act)**
***Against Defendant Moses & Singer LLP***

60. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

61. Plaintiff worked more than 1,250 hours for Moses & Singer in the twelve months prior to her termination and was eligible for benefits under the Family and Medical Leave Act.

62. Moses & Singer, employed more than 50 people within 75 miles of Plaintiff's workplace at all relevant times.

63. Plaintiff's pregnancy was a serious health condition.

64. Plaintiff was qualified for her position at all relevant times.

65. Plaintiff put Moses & Singer on notice of her pregnancy and her intention to take FMLA leave.

66. Plaintiff's taking FMLA-protected leave for her pregnancy was a motivating factor in Moses & Singer's decision to terminate her.

67. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages and attorneys' fees and costs.

68. Defendants' unlawful retaliation constitutes bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

**THIRD CAUSE OF ACTION**
**(Failure to Accommodate a Known Limitation in Violation of the Pregnant Workers Fairness Act)**
***Against Defendant Moses & Singer LLP***

69. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

70. Plaintiff was a qualified employee as that term is defined in the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-1.

71. Plaintiff's pregnancy and subsequent inability to produce sufficient breast milk for storage were known limitations within the meaning of the above-mentioned statute which Defendants were required to reasonably accommodate.

72. By refusing to do so, Defendants violated the 42 U.S.C. § 2000gg-1(1) of the Pregnant Workers Fairness Act.

73. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages and attorneys' fees and costs.

74. Defendants' actions in violation of the Pregnant Workers Fairness Act were intentional, with malice, and/or showed deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
**(Adverse Action in Violation of the Pregnant Workers Fairness Act)**
***Against Defendant Moses & Singer LLP***

75. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

76. Plaintiff was a qualified employee as that term is defined in the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-1.

77. Plaintiff's pregnancy and subsequent inability to produce sufficient breast milk for storage were known limitations within the meaning of the above-mentioned statute which Defendants were required to reasonably accommodate.

78. By terminating Plaintiff for requesting a reasonable accommodation, Defendants violated the 42 U.S.C. § 2000gg-1(5) of Pregnant Workers Fairness Act.

79. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages and attorneys' fees and costs.

80. Defendants' actions in violation of the Pregnant Workers Fairness Act were intentional, with malice, and/or showed deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive damages.

**FIFTH CAUSE OF ACTION**
**(Gender Discrimination in Violation of Title VII)**
***Against Defendant Moses & Singer LLP***

81. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

82. By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her gender in violation of Title VII, as amended by the Pregnancy Discrimination Act, by subjecting her to disparate treatment based upon her gender and pregnancy, including, but not limited to, refusing to accommodate Plaintiff and firing her rather than allowing her to return to work following giving birth.

83. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages and attorneys' fees and costs.

84. Defendants' unlawful discriminatory actions were intentional and constitute malicious, willful, and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION

**(Failure to Accommodate a Disability in Violation of the New York State Human Rights Law)**

***Against Defendant Moses & Singer LLP***

85. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

86. Plaintiff's pregnancy and subsequent inability to produce sufficient breast milk for storage were impairments of bodily function that rendered her a person with a disability as that term is defined under the New York State Human Rights Law.

87. Additionally, her inability to produce sufficient breast milk for storage was a pregnancy related condition which Defendants were required to reasonably accommodate.

88. Plaintiff would have been able to perform the essential requisites of her job with a reasonable accommodation for her pregnancy and related medical condition.

89. By refusing to engage in and unilaterally withdrawing from the legally required interactive process to determine appropriate accommodations, Defendants failed to provide a reasonable accommodation as required by N.Y. Exec. L. § 292(21-e).

90. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages and attorneys' fees and costs.

91. Defendants' actions in violation of the New York State Human Rights Law were intentional, with malice, and/or showed deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive damages.

## SEVENTH CAUSE OF ACTION

**(Failure to Accommodate a Disability in Violation of the New York City Human Rights Law)**

***Against Defendant Moses & Singer LLP***

92. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

93. Plaintiff's pregnancy and subsequent inability to produce sufficient breast milk for storage were impairments of bodily function that rendered her a person with a disability as that term is defined under the New York City Human Rights Law.

94. Additionally, her inability to produce sufficient breast milk for storage was a pregnancy related condition which Defendants were required to reasonably accommodate.

95. Plaintiff would have been able to perform the essential requisites of her job with a reasonable accommodation for her pregnancy and related medical condition.

96. By the actions described above, Defendants failed to reasonably accommodate Plaintiff or engage in a cooperative dialogue, in violation of N.Y.C. Admin. Code 8-107(22).

97. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages and attorneys' fees and costs.

98. Defendants' actions in violation of the New York City Human Rights Law were intentional, with malice, and/or showed deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION
**(Disability Discrimination in Violation of the New York State Human Rights Law)**
***Against Defendant Moses & Singer LLP***

99. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

100. Plaintiff's pregnancy and subsequent inability to produce sufficient breast milk for storage were impairments of bodily function that rendered her a person with a disability as that term is defined under the New York State Human Rights Law.

101. By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her disability or perceived disability in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296.

102. Defendants subjected Plaintiff to inferior terms, conditions, or privileges of employment and treated her less well than employees who were not disabled or not perceived as being disabled, in violation of the New York State Human Rights Law.

103. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages and attorneys' fees and costs.

104. Defendants' actions in violation of the New York State Human Rights Law were intentional, with malice, and/or showed deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive damages.

## NINTH CAUSE OF ACTION
**(Disability Discrimination in Violation of the New York City Human Rights Law)**
***Against Defendant Moses & Singer LLP***

105. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

106. Plaintiff's pregnancy and subsequent inability to produce sufficient breast milk for storage were impairments of bodily function that rendered her a person with a disability as that term is defined under the New York City Human Rights Law.

107. Defendants discriminated against Plaintiff on the basis of her disability or perceived disability, in violation of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 et seq.

108. Defendants treated Plaintiff less well than other employees because of her disability or perceived disability in violation of the New York City Human Rights Law.

109. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of damages, attorneys' fees, and costs.

110. Plaintiff is further entitled to an award of punitive damages because Defendants' unlawful conduct was reckless, wanton, and/or malicious.

**TENTH CAUSE OF ACTION**
**(Retaliation in Violation of the New York State Human Rights Law)**
***Against Defendant Moses & Singer LLP***

111. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

112. Plaintiff requested reasonable accommodations from Defendants, which constitutes protected activity under the New York State Human Rights Law.

113. Defendants fired Plaintiff in part in retaliation for her request for accommodations, in violation of the New York State Human Rights Law.

114. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of damages, attorneys' fees, and costs.

115. Plaintiff is further entitled to an award of punitive damages because Defendants' unlawful conduct was reckless, wanton, and/or malicious.

**ELEVENTH CAUSE OF ACTION**
**(Retaliation in Violation of the New York City Human Rights Law)**
***Against Defendant Moses & Singer LLP***

116. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

117. Plaintiff requested reasonable accommodations from Defendants, which constitutes protected activity under the New York City Human Rights Law.

118. Defendants fired Plaintiff in part in retaliation for her request for accommodations, in violation of the New York City Human Rights Law.

119. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of damages, attorneys' fees, and costs.

120. Plaintiff is further entitled to an award of punitive damages because Defendants' unlawful conduct was reckless, wanton, and/or malicious.

**TWELFTH CAUSE OF ACTION**
**(Gender Discrimination in Violation of the New York State Human Rights Law)**
***Against Moses & Singer LLP***

121. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

122. Plaintiff is a member of a protected class as a female.

123. By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her gender in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296.

124. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages and attorneys' fees and costs.

125. Defendants' actions in violation of the New York State Human Rights Law were intentional, with malice, and/or showed deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive damages.

**THIRTEENTH CAUSE OF ACTION**
**(Gender Discrimination in Violation of the New York City Human Rights Law)**
***Against Defendant Moses & Singer LLP***

126. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

127. Plaintiff is a member of a protected class as a female.

128. By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her gender, in violation of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 et seq.

129. Defendants treated Plaintiff less well than other employees because of her gender in violation of the New York City Human Rights Law.

130. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of damages, attorneys' fees, and costs.

131. Plaintiff is further entitled to an award of punitive damages because Defendants' unlawful conduct was reckless, wanton, and/or malicious.

**FOURTEENTH CAUSE OF ACTION**
**(Aiding and Abetting in Violation of the New York State Human Rights Law)**
***Against Defendant Therese Cesaro***

132. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

133. Defendant Cesaro knowingly and maliciously aided and abetted the unlawful employment practices, discrimination, and/or retaliation against Plaintiff in violation of the New York State Human Rights Law by, among other things, failing to accommodate Plaintiff's condition and firing her.

134. As a direct and proximate result of this unlawful conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages.

135. Plaintiff is further entitled to an award of punitive damages because Defendant Cesaro's unlawful conduct was reckless, wanton, and/or malicious.

**FIFTEENTH CAUSE OF ACTION**
**(Aiding and Abetting in Violation of the New York City Human Rights Law)**
***Against Defendant Therese Cesaro***

136. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

137. Defendant Cesaro knowingly and maliciously aided and abetted the unlawful employment practices, discrimination, and/or retaliation against Plaintiff in violation of the New York City Human Rights Law by, among other things, failing to accommodate Plaintiff's condition and firing her.

138. As a direct and proximate result of this unlawful conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of compensatory damages.

139. Plaintiff is further entitled to an award of punitive damages because Defendant Cesaro's unlawful conduct was reckless, wanton, and/or malicious.

**<u>SIXTEENTH CAUSE OF ACTION</u>**
**(Violation of New York Earned Safe and Sick Time Act)**
***Against Moses & Singer LLP***

140. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs, as though fully set forth herein.

141. By terminating Plaintiff in part for taking earned sick time, Defendants violated the New York Earned Safe and Sick Time Act, N.Y. Admin. Code § 20-911 et seq.

142. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of compensatory damages, liquidated damages, attorneys' fees, costs, and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial;

C. Liquidated damages in an amount to be determined at trial;

D. An award of attorneys' fees and costs incurred in this action to the fullest extent permitted by law;

E. The costs and disbursements of this action; and

F. Such other and further relief as the Court may deem just and proper.

Dated: August 31, 2026

*/s/ Michael K. Halper*
Michael K. Halper, Esq.
HALPER LAW
43 W. 43rd St., Ste. 356
New York, NY 10036
(646) 416-9326
michael@halper.law

*Attorneys for Plaintiff Christina Baez*